UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO.: 3:12-CV-20-H

CAROLYN DAUGHERTY                                                    PLAINTIFF

V.

UNITED STATES OF AMERICA                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks damages for an alleged slip-and-fall that occurred at the United States Post Office in Louisville, Kentucky, on or about December 31, 2009. Defendant, the United States of America, has moved to dismiss this complaint as time barred under the Federal Torts Claim Act.

The pertinent facts are these. On April 3, 2010, Plaintiff timely filed her Federal Tort Claims Act ("FTCA") administrative claim with the United States Postal Service ("USPS"). By letter dated October 14, 2010, Plaintiff received and signed for a certified letter stating that the USPS had denied Plaintiff's claim. The letter also informed Plaintiff that under the applicable statutes she must either file an action in federal court or request reconsideration of the denial within six months. By letter dated April 28, 2011, Plaintiff requested reconsideration of the denial. On or about June 12, 2011, Plaintiff filed the current action premised on the same allegations set forth in her administrative claim. By letter dated September 14, 2011, the USPS denied Plaintiff's request for reconsideration.

The FTCA is a exclusive remedy for suits against the United States or its agencies in tort. 28 U.S.C. § 2679(a). The statute grants a limited waiver of sovereign immunity and allows tort claims against the United States under certain prescribed conditions. To maintain a lawsuit

against the United States under the FTCA, a plaintiff must exhaust their administrative remedies. Moreover, under 28 U.S.C. § 2401(b) an action must be filed in federal court within six months after the date of mailing of a notice of the administrative denial of a claim.  The USPS mailed its initial denial by certified mail on October 14, 2010.  Plaintiff's letter requesting reconsideration was dated April 28, 2011.  Consequently, Plaintiff's request for reconsideration was approximately two weeks passed the six-month deadline.

In response to the motion to dismiss, Plaintiff argues that she was "given the runaround and that there was considerable confusion regarding her mailing address."  Certainly, either of these complaints may have validity as seen through the eyes of a pro se plaintiff, as here. However, neither of these arguments addresses the fundamental truth that Plaintiff received the denial of her administrative claim and did not file either a federal complaint or a request for reconsideration within the statutory deadline.  *See Peterson v. United States*, 694 F.2d 943, 944 (3d Cir. 1982) (holding "the injured person must comply with the applicable terms and conditions prescribed by Congress, . . . including strict observance of the limitations period . . . which cannot be extended by equitable considerations").  Although Plaintiff may have been confused about her legal responsibilities in pursuing her claim, the Court does not find any basis for ignoring the statutory requirements in these circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

2

cc:       Carolyn Daugherty, *Pro Se*
           Counsel of Record